**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

FIRDAVS BAKOEV, PETITIONER

v. 2:26-cv-00150-JM-JJV

MIKE ALLEN, in his official capacity as
Sherrif of Crittenden County, *et al*. RESPONDENTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

## I. INTRODUCTION

On September 22, 2026, Firdavs Bakoev, a citizen and national of Uzbekistan, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1) Mr. Bakoev challenges his detention by Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE) and requests, *inter alia*, that this Court assume jurisdiction, prohibit his transfer outside this

district while this petition is pending, issue an Order to Show Cause, require his immediate release, and declare his detention unlawful. (*Id*. at 14-15.)

The petition alleges Mr. Bakoev "was transferred to the Crittenden [County] Detention Center in [W]est Memphis, Arkansas, where he currently remains in ICE custody and/or in custody under the authority of ICE." (*Id.* at 2.) However, in checking with the ICE detention facility - Jackson Parish [Louisiana] Correctional Center - the Court has discovered that Mr. Bakoev is currently in custody there. Therefore, for the following reasons, I find the Petition should be dismissed.

## II. DISCUSSION

District courts may issue writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner's § 2241 petition challenging his present physical confinement must name his custodian as respondent and must be filed in the district of confinement, because only a court located in the district of confinement has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–44, 447 (2004) (in habeas challenges to present physical confinement, "the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent"); *see also Propotnik v. Putnam*, 538 F.2d 806, 807 (8th Cir.1976) (§ 2241 jurisdiction "lies either in the district of actual physical confinement or in the district where a custodian responsible for the confinement is present"; affirming § 2241 denial where petitioner was physically confined in another district and the named respondent was not his custodian) (*citing Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973)).

Because Mr. Bakoev is presently in the Western District of Louisiana, this Court does not have jurisdiction over his custodian, and his Petition should be dismissed or transferred. Given the expedited nature of the Petition, it seems that dismissal would be preferred so Petitioner may

refile in the Western District of Louisiana. If he prefers that this Court transfer his Petition, he should say in a timely filed objection to this recommendation.

## III. CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed without prejudice and the requested relief denied.

DATED this 23rd day of September 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE